HaeRis, J.,
delivered the opinion of the Court.
Robert Hurt, plaintiff’s testator, brought an action *430 against Dougherty, for forcibly detaining the mills and land particularly set forth and described in his warrant. He recovered judgment against him before three justices of the peace for the county of Carroll, and Dougherty brought the cause by writs of certiorari and supersedeas, into the Circuit Court of said county; to obtain said writs, he and the other defendants, as his securities, executed the bond before the clerk, upon which the present action is founded. The conditions of the bond are, that he shall prosecute his certiorari with effect, or in case of failure therein, he will pay all costs and damages for wrongfully suing out said writs and prosecuting said suit, “and pay and satisfy the defendant in damages for the wrongful detention of the premises, then this bond to be void, else to remain in full force and effect.” Upon a trial in the Circuit Court, a jury found Dougherty guilty of the forcible detention of the premises, and there was judgment rendered against him and his securities for the costs, and a writ of restitution awarded; and Dougherty prosecuted an appeal in the nature of a writ of error, to this Court. During the pendency of the appeal, Hurt died; his death was suggested, and the appeal abated. The judgment in the Circuit Court was revived on scire facias, in the name of his heirs, who were afterwards put into the possession of the premises; and this action of covenant is brought on the bond by his executor, for the purpose of recovering “ damages for the wrongful detention of the premises.” To a declaration in the ordinary form, with a proper assignment of breaches, there is a plea of “ covenants performed.”
Upon the trial in the Circuit Court, the defence *431 was rested on two grounds: First, that as there was judgment rendered by the Circuit Court for the costs in said action of forcible detainer against the defendants, agreeable to the second condition of the bond, it was-assumed that it was a satisfaction of the bond — that it could not be split into several causes of action, and that, therefore, this cause of action could not be maintained. Second, that the bond was a covenant real, running with the land, and that, upon the death of Robert Hurt it descended to, and vested in his heirs, and that this action could not be maintained by his personal representatives.
This latter ground of defence was fully sustained in the charge the Circuit Judge gave to the jury, to which exception was taken by the plaintiff; there was. verdict and judgment for the defendant, a motion for a new trial made and overruled, and an appeal in the nature of a writ of error to this Court.
We will examine these grounds of defence in the order in which they are presented; and, first: Was the judgment against these defendants for costs, a satisfaction and discharge of the bond? We think not. This bond was taken pursuant to the provisions of the act of 1835, ch. 84, C. & N., 348. The first section requires the party applying for writs of certiorari and supersedeas, in cases of forcible or unlawful detainer, “to give bond and security to' pay and satisfy all such costs and damages as shall accrue to the defendant in the petition for the wrongful prosecution of his suit.” And the second section requires this additional condition to be in the bond, — that is: That he shall “ pay *432 and satisfy the defendant in damages for the wrongful detention of the premises.”
It is clear, that it was the intention of the Legislature in requiring these two distinct conditions in the bond, to secure the “ defendant in the petition,” not only in the costs, but also in the “damages for the wrongful detention of the premises.” But as the law then stood he could only recover in the action in which the bond was given — the costs provided for by the condition first above noticed; then, certainly it was the intention of the Legislature that he might bring an original suit on the bond for a breach of the second condition, to recover “ damages for the unlawful detention of the premises.” Otherwise, the second section of the statute and the condition under it in the bond, would be wholly nugatory.
We could not suppose the Legislature guilty of such an absurdity. As to the second ground of de-fence, that this is a covenant real running with the land, and upon the death of Robert Hurt it descended to and vested in his heirs, we think it wholly untenable. This is a statutory bond given for the prosecution of a suit, and possesses but few of the elements of a covenant real, running with the land; but we deem it unnecessary to enter upon the discussion of that question, as we think it is clear there was a breach of the covenant in the liietime of Robert Hurt, and that the right of action survived to his personal representatives.—See Shaw et al. vs. Wilkins, Adm’r, 8 Humph., 647.
The failure of Dougherty to prosecute his suit with effect in the Circuit Court, was a breach of his cove *433 nant. It is true, that by his appeal in error to this Court, he suspended the operation of the judgment of 4he Circuit Court, but when his appeal abated, it left that judgment in full force, and was a breach of the covenant from the day it was rendered. We therefore think, that the Circuit Judge erred in his instructions to the jury, when he held that this was a covenant real — that there was no breach during the lifetime of Robert Hurt and that this action could not be maintained by his personal representative.
As to what are the elements or grounds of damages embraced by the words of the statute and bond, for the wrongful detention of the premises,” at present we give no opinion; that question not being properly before us, the Circuit Judge having given no charge upon that point.
The judgment will be reversed, and the cause remanded for another trial.